

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

**COURT FILE NO.:**  CV-09-CO-0642-W

| | |
|---|---|
| Glen L. Eaton,<br><br>      Plaintiff,<br>v.<br><br>Palisades Collections, LLC,<br>First National Collection Bureau, Inc.,<br><br>      Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because a substantial part of the acts at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Glen L. Eaton is a natural person who resides in the City of Tuscaloosa, County of Tuscaloosa, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Palisades Collection, LLC. (hereinafter "Defendant Palisades") is a collection agency operating from an address of 210 Sylvan Road, Englewood Cliffs, NJ 07632, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant First National Collection Bureau, Inc. (hereinafter "Defendant First National") is a collection agency operating from an address of 610 Waltham Way, McCarran, NV 89434, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. On or around August 2002, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a wireless phone bill with AT&T in the approximate amount of $139.10, which was personally used by the Plaintiff for personal, family and household matters while he was living in the state of Mississippi.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

9. Defendant Palisades has made numerous attempts since 2005 to collect the aforementioned debt from Plaintiff.

10. Plaintiff has, on numerous occasions, informed Defendant Palisades that the aforementioned debt is disputed and that he denies any liability therefore.

11. The contract on which the aforementioned alleged debt is premised was executed in the State of Mississippi and is to be enforced and construed according to Mississippi Law.

12. Pursuant to Mississippi law, the statute of limitations for bringing suit to collect on a private debt such as the one at issue here is three years. Miss. Code Ann. §15-1-29. Furthermore, "the completion of the period of limitation prescribed to bar any action shall defeat and extinguish the right as well as the remedy. Miss. Code Ann. §15-1-3.

13. On or about February 2009, Defendant Palisades reported to the three major credit bureaus an "update" of their collection account for the above-referenced debt. This update did not reflect that the account was disputed, nor did it reflect that the debt and the right to collect thereon had been extinguished by the running of the statute of limitations in the State of Mississippi.

14. In fact, upon request by the Plaintiff, all three major credit bureaus deleted the account from their files.

15. On March 9, 2009, Plaintiff sent a letter to Defendant Palisades disputing the debt Palisades was attempting to collect and demanding verification of the same.

16. Shortly thereafter, Defendant Palisades responded by sending Plaintiff a copy of a AT&T wireless bill from 2002. No documentation was provided that the bill had not been paid, or that the alleged debt was valid or enforceable.

17. Defendant Palisades has also caused collection letters to be sent to Plaintiff regarding the aforementioned debt by attorneys retained by Defendant Palisades. The last one of these

letters was sent on June 18, 2008. The letter refers to the "obligation" owed by the Plaintiff to Palisades, despite the fact that Plaintiff was under no duty of any sort to pay the amount requested at the time the letter was sent.

18. Defendant First National has made several calls in an effort to collect the aforementioned debt.

19. On at least one occasion, namely February 9, 2009, Defendant First National caused a message to be left on an answering machine at Plaintiff's residence a message stating that Defendant First Financial was trying to collect a debt from Plaintiff. This message could have been overheard by any third party that answered the phone or who listened to the recording or the call.

20. On February 13, 2009, Plaintiff sent, via certified mail, a letter disputing the validity of the debt Defendant First National was attempting to collect and requesting verification of the same. This letter was also sent by facsimile on February 20, 2009.

21. On February 20, 2009, Defendant First National caused another recorded phone call, identical to the earlier call, to be made to Plaintiff's residence.

22. On February 27, 2009, Plaintiff sent another letter, via certified mail, disputing the validity of the debt Defendant First National was trying to collect and requesting verification of the same.

23. Through the date of the filing of this Complaint, Defendant First National has not responded to Plaintiff's requests for verification of the debt.

### *Summary*

24. The above-described collection activities by Defendant Palisades constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f and 1692f(1), among others.

25. The above-described collection activities by Defendant First National constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692f(1), 1692g AND 1692G(b), 1692e(10) and 1692f, among others.

26. This series of abusive collection activities by Defendant Palisades has caused Plaintiff to spend many hours of his time in attempts to address Defendant Palisades wrongful collection efforts and has seriously damaged Plaintiff's credit, causing him difficulties in securing both personal and business credit.

27. This series of abusive collection activities by Defendant First National has caused Plaintiff spend many hours of his time in attempts to persuade Defendant First National to comply with the provisions of the FDCPA and verify the alleged debt it has attempted to collect from Plaintiff.

28. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

32. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for the Plaintiff;

Dated: March 27, 2009

Respectfully submitted,

**DEAS & DEAS, LLC**

By: **/s/W. Lawrence Deas**
W. Lawrence Deas, Esq.
AL BAR NO. 3989-A43D
P.O. Box 7282
Tupelo, MS 38802
Telephone: (662)842-4546
Facsimile: (662)842-5449
LDeas@AOL.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA         )
                         )
COUNTY OF TUSCALOOSA     )

Plaintiff Glen L. Eaton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
GLEN L. EATON

Subscribed and sworn to before me
this __2-7__ day of March, 2009.

_____
Notary Public

-8-